Jimmie Lee FREY et al., Appellants,

v.

The ESTATE of George S. SARGENT, Deceased, Appellee.

No. 8634.

Court of Civil Appeals of Texas, Amarillo.

Jan. 30, 1976.

Rehearing Denied Feb. 23, 1976.

Lemon, Close, Atkinson & Shearer, Otis C. Shearer, Perryton, for appellants.

Allen, Gaines & Roberson, Ronnie Gaines, Perryton, for appellee.

REYNOLDS, Justice.

A take-nothing judgment was rendered in this action for the breach of an antenuptial agreement filed by the lineal descendants of the first deceased signer against the estate of the other deceased signer. In appealing, plaintiffs contend that the law of Oklahoma, where the agreement was executed, is applicable to sanction recovery rather than the law of Texas, the only place designated for performance, which defeats their recovery. The facts underlying the action invoke the application of Texas law. Affirmed.

Ruby Frey, a 60-year-old widow residing in Ochiltree County, Texas, and George S. Sargent, an 80-year-old single man of Beaver County, Oklahoma, each having lineal descendants from a prior marriage, executed in Oklahoma a prenuptial agreement in contemplation of marriage. Expressing an order of descent of Texas property contrary to the then existing provisions of Vernon's Ann.Civ.St. art. 4610 (1840) but em-

bracing a saving clause, the agreement contains these paragraphs material to the cause of action:

II.

The parties contemplate that after such marriage they may reside in Frey's home in Perryton, Texas, or they may acquire a new home in Perryton, Texas. . . .

III.

During the lifetime of Sargent, Sargent expressly agrees:

\* \* \* \* \* \*

c. That he will forthwith after the consummation of such marriage execute a proper and valid will bequeathing to Frey

(1) $30,000.00 in cash;

\* \* \* \* \* \*

IV.

Each of the parties hereto, covenant and agree that each will endeavor to the best of his or her ability to please the other and Frey expressly agrees that she will take care of Sargent for as long as she is able to do so, taking into consideration the respective physical condition of the parties hereto.

After their marriage, George executed in Oklahoma his will bequeathing $30,000 cash to Ruby. They made their home in Ruby's house in Perryton, Texas. Approximately two and one-half years later Ruby died. At that time under Texas law, the bequest lapsed. *Bomar v. Carstairs*, 124 Tex. 492, 79 S.W.2d 841, 846 (1935). Some six months thereafter, George executed in Oklahoma another will, revoking all prior wills and omitting the bequest previously made to Ruby, which remained in effect at his death more than four years later in Oklahoma.

Ruby's lineal descendants filed their claim for $30,000 against George's estate. The claim was rejected, this action was

filed, and the court, sitting without the intervention of a jury, rendered judgment that plaintiffs take nothing.

■ Even though the antenuptial agreement was executed in Oklahoma, its terms do not require that any part of the agreement be performed there. The parties specified that Ruby's care of George, the consideration upon which plaintiffs rely for the promise of the bequest, was to be ministered at Ruby's home, or a new home, in Perryton, Texas. Under these circumstances, the majority rule is that the contract is to be governed by the law of the jurisdiction where its terms are to be performed, particularly when that jurisdiction is the only place designated for performance. Stumberg, *Principles of Conflicts of Law* (3rd Ed. 1963), pp. 232–33. Texas adheres to this rule. *Castilleja v. Camero*, 414 S.W.2d 424, 426 (Tex.1967); *Byers v. Brannon*, 30 S.W. 492 (Tex.Civ.App.—1894, writ ref'd).

■ The agreement is one of a personal nature. It required personal performance by Ruby and not by her heirs. There is nothing in the agreement evidencing any intention that the bequest should go to Ruby's heirs in case she predeceased George. In this situation, Texas law is that no right vested in Ruby's heirs. *Moran v. Wotola Royalty Corporation*, 123 S.W.2d 692 (Tex.Civ.App.—Fort Worth 1939, writ ref'd).

The judgment is affirmed.